Daniel, J.
 

 The plaintiff’s testator was surety to one Herbert Tatum in a bond for money. The obligors died, and the obligee brought suit on the bond against the representatives of both obligors. The administrators of the principal obligor had their plea of fully administered, found in their favor. Whereupon the plaintiffs, as executors, were forced to pay to the sheriff, in February, 1832, the sum of $113 53. The bill charges, that the administrators and heirs at law of Herbert Tatum have no assets, out of which the said debt can be satisfied — that Herbert Tatum, at the time the said bond was executed, was possessed of a large real and personal estate, and was deemed good for his debts — but, after this debt was contracted, he made voluntary gifts and large advances to his children, both in real and personal estate— that the two defendants have been thus advanced, one as a son and the other as a son-in-law. The bill charges that the said voluntary gifts of real and personal estate of H. Tatum were fraudulent and void as to his creditors, and prays that the property thus given may be subjected to the satisfaction of the aforesaid debt.
 

 
 *415
 
 The two defendants answered. Beason admits that H. Tatum made gifts to him, as his son-in-law, after the date of the bond, both of real and personal estate. He says it was done
 
 bona fide
 
 — that the donor at the time was possessed of other property sufficient to pay all his debts. He does not admit that the plaintiffs have paid the said debt, and he contends that they should have established their claim against the administrators oí H. Tatum. The other defendant, A. Tatum, admits the advancement to him of two slaves after the date of the bond, but he says it was
 
 bona fide,
 
 as his father was then in possession of real and personal property, sufficient to satisfy all his debts. He states that his brother and himself were the administrators of-his father, and that all the assets have been exhausted in paying the debts, and also the lands which descended to the heirs. This defendant does not admit that the plaintiffs have paid the debt, as stated in the bill.
 

 The plaintiffs, by their own shewing, have satisfied the judgment, obtained by the bond creditor against the representatives of the two obligors; but that does not make them judgment creditors.
 
 Briley
 
 v.
 
 Sugg,
 
 1 Dev.
 
 &
 
 Bat. Eq. 366. The plaintiffs should have first established their claim at law by a judgment, and proceeded to execution against the assets in the hands of the administrators or the heirs at law. The administrators might perhaps have a good defence; or they and the heirs at law might have assets to satisfy the demand. In
 
 Rambaut & Co.
 
 v.
 
 Mayfield,
 
 1 Hawks’ Rep. 85, a creditor of D. by bond, filed his bill against D. & M. charging that D. had fraudulently conveyed property to M. sufficient to pay his debt, and prayed a discovery, account and satisfaction. The court dismissed the bill, because the plaintiff had not reduced his debt to a judgment and actually issued execution. The same law is laid down in the following cases:
 
 Angel
 
 v.
 
 Draper,
 
 1 Vern. 399.
 
 Shirly
 
 v.
 
 Watts,
 
 3 Atk. 200.
 
 Hendricks
 
 v.
 
 Robinson,
 
 2 Johns, ch. Rep. 296. The admission here made by one of the administrators does not-authorise us to dispense with the rule.
 

 Per Curiam, Bril dismissed.